UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.                                                         Case No: 8:23-cv-422-KKM-MRM

JOHN DOE, subscriber assigned
IP address 47.202.125.86,

    Defendant.
_____

## ORDER

Plaintiff Strike 3 Holdings, LLC, alleges direct copyright infringement against John Doe, an unnamed defendant, for unlawfully reproducing and distributing Strike 3's copyrighted adult films. *See* Compl. (Doc. 1.) Strike 3 now moves for leave to serve a third-party subpoena on Doe's Internet Service Provider (ISP), Frontier Communications, to learn Doe's true identity prior to a Rule 26(f) conference. *See* Motion to Serve Third-Party Subpoena (Doc. 9.)

Under Rule 26(d)(1), a party generally may not seek discovery from any source before the Rule 26(f) conference absent an order of the Court or other special circumstance. The Court may grant a party expedited discovery prior to the Rule 26(f) conference upon a showing of "good cause." *See Platinum Mfg. Int'l Inc. v. UniNet Imaging, Inc.*, No. 8:08-

cv-310, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) (Pizzo, Mag. J.) (quotation omitted). "In cases involving infringement via the internet, courts often evaluate good cause by considering factors such as the concreteness of the plaintiff's prima facie case of infringement; the specificity of the discovery request; the absence of alternative means to obtain the subpoenaed information; and the need for the subpoenaed information to advance the claim." *Manny Film LLC v. Doe*, No. 15-cv-507, 2015 WL 12850566, at *1 (M.D. Fla. May 18, 2015) (Jenkins, Mag. J.) (citing *Arista Records v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)).

Strike 3 has shown good cause for expedited discovery. First, Strike 3 alleges a concrete prima facie case of infringement. The Complaint states that Strike 3 holds copyrights for several adult films that have been copied and distributed by Doe without permission or authority through the use of the BitTorrent protocol, as demonstrated through a forensic investigation which reasonably confirms that Doe's IP address was being used on the BitTorrent peer-to-peer network to reproduce and display Plaintiff's copyrighted work. *See* Compl.; Declaration of David Williamson (Doc. 9-1.) Next, Strike 3 has clearly identified the specific information sought through the requested discovery—Doe's name and address—so that it may effectuate service of process on him in this case. Declaration of David Williamson at 12–13. Lastly, Strike 3 has successfully shown that it has no other way to obtain Doe's identity using only his IP address than to seek Doe's

identity from his ISP, here Frontier Communications. *See* Motion to Serve Third-Party Subpoena. Other courts have frequently concluded there is good cause for limited, early discovery on similar facts. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 8:15-cv-2314, 2015 WL 12856086, *1–2 (M.D. Fla. Nov. 6, 2015) (McCoun III, Mag. J.) (granting the same motion under nearly identical circumstances); *Strike 3 Holdings, LLC v. Doe*, 18-cv-2648, 2019 WL 78987, at *3–4 (S.D. Fla. Jan. 2, 2019) (Caproni, J.) (denying the defendant's motion to quash a third-party subpoena that the plaintiff served on the defendant's ISP to obtain the defendant's name and address). Thus, the Court concludes that Plaintiff has shown good cause to issue a third-party subpoena prior to the Rule 26(f) conference.

Accordingly, the following is **ORDERED**:

1. Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) (Doc. 9) is **GRANTED**.

2. Plaintiff may serve the Defendant's ISP with a Rule 45 subpoena to determine the name and address of the person to whom the ISP assigned IP address 47.202.125.86. Plaintiff may also serve a Rule 45 subpoena on any other ISP that may be later identified in response to the initial subpoena.

3. Plaintiff shall attach a copy of the Complaint, (Doc. 1), its attachments, and this Order to any subpoena.

4. Any ISP that receives a subpoena under this Order shall not assess any charge to Plaintiff in advance of providing the information requested in the subpoena; however, an ISP may elect to charge a reasonable amount for the costs of production.

5. Any ISP that receives a subpoena under this Order shall preserve all subpoenaed information pending the ISP delivering such information to Plaintiff or the final resolution of a motion to quash the subpoena.

6. Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purposes of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

7. Once the identity of the Defendant is discovered, Plaintiff must notify the Defendant, or his or her counsel if represented, of Plaintiff's intent to name and serve the Defendant at least fourteen (14) days prior to seeking an issuance of a summons from the Clerk for the identified Defendant.

**ORDERED** in Tampa, Florida, on March 6, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge